IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TEDDY PHILLIPS,<br>Plaintiff<br><br>v.<br><br>SETON HEALTHCARE AND<br>TRAVIS COUNTY HEALTHCARE<br>DISTRICT D/B/A CENTRAL HEALTH<br>Defendants. | § § § § § § § § § § | CIVIL ACTION NO. 1:11-cv-1085 |

### NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1331 1446(b), Seton Healthcare ("Seton") and Travis County Healthcare District ("Central Health") join in removing to this Court an action styled *Teddy Phillips v. Seton Healthcare and Travis County Healthcare District d/b/a Central Health*, Cause No. D-1-GN-10-002587, presently pending in the 98th District Court of Travis County, Texas.

### I.   INTRODUCTION

On July 26, 2010, Plaintiff Teddy Phillips ("Plaintiff") filed his Original Petition, which named Seton as a sole defendant and consisted entirely of claims arising under Texas state law. As originally pleaded, this case was not removable. On November 16, 2011, Plaintiff filed an amended pleading that, for the first time, asserted claims arising under federal law. More specifically, whereas Plaintiff's Original Petition alleged that Seton Healthcare had violated Chapter 121 of the Texas Human Resources Code, Plaintiff's First Amended Petition—which adds Central Health as a defendant—includes allegations that Seton and Central Health violated Titles II and III of the Americans with Disabilities Act and the Rehabilitation Act, in addition to the Texas Human Resources Code. Copies of the Original Petition and First Amended Petition

NOTICE OF REMOVAL                                                                                                    Page 1
90629612.1

are attached hereto as Exhibits "A" and "B," respectively. Pursuant to 28 U.S.C. § 1446(b), Defendant files this Notice of Removal within thirty days after receipt of a copy of Plaintiff's Amended Petition.

## II.   FEDERAL QUESTION AS BASIS FOR REMOVAL

This Court has original jurisdiction over this civil action because Plaintiff's First Amended Petition, on its face, presents a federal question. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (quotation omitted). Plaintiff's First Amended Petition specifically asserts claims that arise under the Americans with Disabilities Act ("ADA"), 42 U.S.C § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §794. As this case involves a federal question, removal of the action is appropriate pursuant to federal law. 28 U.S.C. §§ 1331, 1446.

## III.   SUPPLEMENTAL JURISDICTION

In addition to having original jurisdiction over claims involving a federal question, this Court has supplemental jurisdiction over state law claims that arise out of a common nucleus of operative fact. 28 U.S.C. § 1367 (2006); *see generally Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (the common law predecessor to § 1367). Here, the state law claims included in Plaintiff's First Amended Complaint arise out of the same facts and circumstances giving rise to Plaintiff's claims under federal law, and the exercise supplemental jurisdiction over such claims would be appropriate and proper.

## IV.   ALL FEDERAL REMOVAL REQUIREMENTS HAVE BEEN MET

This Notice of Removal is timely filed with this Court pursuant to 28 U.S.C. § 1446(b). As initially pleaded, this case was not removable: it contained no claims under federal law on its face, and prior to Plaintiff's First Amended Petition, no motion, order or other paper indicated that Plaintiff intended to invoke federal law or its protections. The Defendants file this Notice of Removal within thirty days of having received a copy of the Plaintiff's First Amended Petition, from which it could be ascertained that this case involved claims arising under federal law. As evidenced by the signatures of their counsel below, both Defendants have joined in this notice of removal.

The venue of this removal action is proper pursuant to 28 U.S.C. §§ 124(d)(1) and 1441 because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending. Immediately upon the filing of this Notice of Removal, Defendant will give written notice to Plaintiff of the removal of this case, and will file a copy of this Notice of Removal with the Clerk of the 98th District Court of Travis County, Texas, for filing with the papers of Plaintiff's suit there. Attached hereto as Exhibit "C" is a certified copy of all documents filed in the state court action (except discovery), arranged in chronological order according to the state court file date. Plaintiff's Motion to Modify Order on Defendant's Motion for Partial Summary Judgment has been filed, but has not been set for hearing, and is therefore pending in the state court as of the time of filing this Notice.

Pursuant to 28 U.S.C. § 1914, a filing fee of $350.00 has been tendered to the Clerk of the United States District Court for the Western District of Texas, Austin Division. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendants reserve the right to amend or supplement this Notice of Removal. No act of Congress prohibits the removal of this cause, and this cause is removable under 28 U.S.C. § 1441 *et seq.*

WHEREFORE, Defendants pray that the above-entitled cause be removed to the United States District Court for the Western District of Texas, Austin Division, and that this Court assume jurisdiction of this lawsuit and retain it for final disposition and for such other relief, both general and special, at law or in equity, to which they may be justly entitled.

RESPECTFULLY SUBMITTED,

FULBRIGHT & JAWORSKI, L.L.P.

By: _____
Sherrard L. Hayes II
   State Bar No. 00784232
   shayes@fulbright.com
Christopher M. Weimer
   State Bar No. 24061894
   cweimer@fulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201
(512) 536-4598 – Facsimile
ATTORNEYS FOR SETON HEALTHCARE

TRAVIS COUNTY ATTORNEY'S OFFICE

By: _____
Anthony J. Nelson
   State Bar No.14885800
   tony.nelson@co.travis.tx.us
P.O. Box 1748
Austin, Texas 78767
(512) 854-9513
(512) 854-4808
ATTORNEYS FOR TRAVIS CENTRAL HEALTH DISTRICT

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing was served on the following counsel of record on December 15, 2011, as follows:

**VIA HAND DELIVERY:**
Abigail Frank
Joseph Berra
James C. Harrington
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78747-3438

_____
Christopher M. Weimer