# EXHIBIT A

Filed
10 July 26 P3:09
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-10-002587

D-1-GN-10-002587

Cause No. _____

| | | | |
|---|---|---|---|
| TEDDY PHILLIPS, | | § | IN DISCTRICT COURT |
| | Plaintiff | § | |
| v. | | § | OF TRAVIS COUNTY |
| | | § | |
| SETON HEALTHCARE INC., | | § | **98TH** |
| | | § | |
| | Defendant | § | ____ JUDICIAL DISTRICT |

### ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff Teddy Phillips complains of Seton HealthCare Inc., operating University Medical Center Brackenridge, and will respectfully show this court as follows:

### DISCOVERY

1. Plaintiff intends to conduct discovery under Discovery Control Plan 2.

### STATEMENT OF CLAIM

2. Teddy Phillips is deaf. Sign language is his primary form of communication. Mr. Phillips was injured and taken to the University Medical Center Brackenridge, formerly Brackenridge Hospital, where he underwent surgery. Despite his repeated requests for a sign language interpreter, Defendant failed to provide a sign language interpreter for eleven of the twelve days Mr. Phillips was in the care of the hospital.

3. Defendant's conduct violates Chapter 121 of the Texas Human Resources Code, TEX. HUM. RES. CODE ANN. § 121 (Vernon 2009) ("Chapter 121").

4. Mr. Phillips seeks injunctive and declaratory relief, damages under Chapter 121, and attorney's fees, costs, and expenses.

### PARTIES

5. Plaintiff Teddy Phillips is deaf and uses sign language to communicate. He is a "person with a disability" within the meaning of Chapter 121.

6. Defendant Seton Healthcare, owner and operator of University Medical Center Brackenridge, is a non-profit corporation with a registered address at 7900 FM 1826, Austin,

Texas 78737. Its registered agent for service is Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7. Defendant has at all relevant times had access to Chapter 121.

## JURISDICTION AND VENUE

8. Jurisdiction and venue are proper in this Court because the events and omissions giving rise to the claims in the case occurred in this County.

## STATEMENT OF FACTS

9. Mr. Phillips, thirty-three years old, was born deaf. His parents are both deaf, and three out of his four brothers and sisters are also deaf. He uses American Sign Language (ASL) as his primary form of communication.

10. Mr. Phillips is also left-handed. Mr. Phillips uses his left hand to perform most tasks, including writing and typing.

11. On June 11, 2010, Mr. Phillips was driving his truck in Austin on his way home from work. A drunk driver smashed into the driver's side of Mr. Phillips' truck and rendered Mr. Phillips unconscious. The impact of the crash totaled Mr. Phillips' truck.

12. While Mr. Phillips was unconscious, paramedics transported him to Defendant's hospital, University Medical Center Brackenridge, in Austin, Texas.

13. When Mr. Phillips regained consciousness, he was in the emergency room of Defendant's hospital, and doctors were preparing him for surgery.

14. Mr. Phillips sustained severe injuries in the accident, including a broken arm, broken ribs, and a dislocated shoulder. These injuries were on the left side of his body. He also had cuts and bruises, and experienced soreness, over his entire body.

15. As soon as Mr. Phillips regained consciousness, he asked for an interpreter. The only time Defendant provided him with an interpreter was for 30 minutes prior to surgery in

2

order to explain where he was, what injuries he sustained, what surgery the doctors would perform, and the risks of surgery. The interpreter also received Mr. Phillips' consent for treatment. During this time Mr. Phillips signed only with his right hand due to his injuries.

16. Doctors employed by Defendant performed surgery on Mr. Phillips to repair his left arm and shoulder. After surgery, he had no use of his left shoulder, arm, or hand. Doctors took Mr. Phillips to the Intensive Care Unit (ICU). After a day in the ICU, Defendant's staff transferred Mr. Phillips to the sixth floor, where he would stay for the next ten days.

17. During his ten-day stay on the sixth floor, Defendant failed to provide an interpreter for Mr. Phillips despite numerous requests. Mr. Phillips estimates he requested an interpreter at least four times after he was moved from the ICU to the sixth floor.

18. Immediately after his move from the ICU, Mr. Phillips asked the nurse, who helped with his transfer, for an interpreter. The nurse acknowledged his request, and replied that she would speak to someone about it. None of Defendant's employees provided an interpreter at that time or gave an explanation for the hospital's failure to provide Mr. Phillips with one.

19. After extreme difficulty communicating with the doctor who saw Mr. Phillips while making rounds, Mr. Phillips asked another nurse for an interpreter. Despite a second request, Defendant failed to provide an interpreter.

20. When Mr. Phillips' family visited him in the hospital, his father and grandmother both asked the first nurse to provide an interpreter for Mr. Phillips because he could not communicate with the doctors and nurses assigned to his care. Once again Defendant failed to provide an interpreter or other accommodation.

21. During a visit with his assigned hospital social worker, Mr. Phillips made another request for an interpreter. The social worker told Mr. Phillips she would see what she could do to provide him with an interpreter. Again, Defendant, without explanation, failed to provide Mr.

Phillips an interpreter.

22. Mr. Phillips attempted to explain to the individuals who spoke with him that he needed an interpreter throughout his stay. Mr. Phillips tried his best, but the attempts were very difficult because he could not use his dominant hand to write or sign.

23. Mr. Phillips' room at the hospital was not located near a nurses' station. Defendant failed to place signs or notation on Mr. Phillips' door or in his chart indicating he was deaf. Mr. Phillips could not understand the doctors and nurses when they spoke to him. He had difficulty communicating with the hospital staff. Since he could not use his left hand, he had to attempt to write with his non-dominant right hand. He could not sign with his right hand because the hospital employees did not understand sign language.

24. Mr. Phillips suffered much pain and frustration when he could not communicate with those responsible for his care. After the accident Mr. Phillips was extremely sore. The already difficult task of writing with his right hand became even more difficult and caused him pain. Mr. Phillips became frustrated because he could not request medication or ask questions about his condition.

25. Defendant has a nurse call system installed in each patient room. It is an intercom system. The patient presses a button, which calls the main nurses' station on the floor. The nurse picks up, and then asks the patient what he or she needs. The patient then responds to the nurse by speaking into the intercom.

26. On multiple occasions each day of his recovery at the hospital, Mr. Phillips attempted to call the nurses to receive his medication, his pain treatment, or to attend to his other medical needs. Because Mr. Phillips could not speak into the intercom system, Defendant's employees ignored his calls. Defendant's employees hung up on him without visiting his room or trying to call back. Mr. Phillips would have to call multiple times in order to have a nurse

4

finally come to his room. It would take far too long for Mr. Phillips to receive a response. Sometimes nurses and doctors would pass his door and he would have to attempt to make noise in order to catch their attention.

27. It would not cause Defendant undue burden to provide a sign language interpreter and other accommodations to Mr. Phillips and others with hearing disabilities. Defendant is the leading provider of health care services in Central Texas and the region's largest private employer. Defendant offers a comprehensive range of health care services and promotes its dedication to extraordinary patient care.

28. Providing Mr. Phillips and other patients with hearing disabilities with an interpreter would not fundamentally alter the nature of the services offered by Defendant. Defendant advertises its commitment to superior customer service that is patient-centered and accessible at each of its facilities.

29. Mr. Phillips requested an interpreter multiple times during his twelve-day stay at the University Medical Center Brackenridge. Defendant failed to provide an interpreter or other accommodation in order for Mr. Phillips to communicate with hospital staff during his recovery, including the doctors and nurses responsible for his care. Mr. Phillips was unable to fully understand the treatment and medications being administered to him. Often, he would wait in pain for his medications because he could not communicate with those responsible for providing them. Due to Defendant's failure to accommodate him, Mr. Phillips experienced prolonged pain and suffering.

CAUSE OF ACTION

VIOLATION OF CHAPTER 121

30. Chapter 121 provides that the policy of Texas "is to encourage and enable persons with disabilities to participate in the social and economic life of the state, to achieve maximum

5



personal independence, to become gainfully employed, and to otherwise fully enjoy all public facilities within the state." TEX. HUM. RES. CODE ANN. § 121.001 (Vernon 2009).

31. Chapter 121 states "persons with disabilities have the same right as the able-bodied to the full use and enjoyment of any public facility in the state." TEX. HUM. RES. CODE. ANN. § 121.003(a). University Medical Center Brackenridge is a public facility for purposes of Chapter 121. TEX. HUM. RES. CODE ANN. 121.002(5).

32. Mr. Phillips alleges a cause of action against Defendant under Chapter 121 because Defendant deprived Mr. Phillips of the full use and enjoyment of the hospital by failing to provide him with an interpreter or other accommodation.

33. Chapter 121 requires that public facilities must make "reasonable accommodations in policies, practices, and procedures" to allow individuals with disabilities to fully use and enjoy a public facility. TEX. HUM. RES. CODE ANN. §121.003(d)(2).

34. Defendant failed to make a reasonable accommodation in its policies, practices, and procedures in order to accommodate Mr. Phillips and other patients with hearing impairments when it failed to provide Mr. Phillips with a sign language interpreter. Doing so would not have fundamentally altered the nature of services offered by Defendant or caused Defendant undue burden.

35. Defendant failed to make a reasonable accommodation to allow Mr. Phillips and others with similar disabilities to communicate with the nurses' station or to otherwise request care from the patient rooms. Making reasonable accommodations would not have been an undue burden for Defendant.

36. Chapter 121 also requires that public facilities provide "auxiliary aids and services necessary to allow the full use and enjoyment of the public facility." TEX. HUM. RES. CODE ANN. 121.003(d)(3).

6

37. Defendant failed to provide Mr. Phillips with the services or aids necessary for his full use and enjoyment of the hospital. Defendant denied Mr. Phillips full use and enjoyment of the hospital when it failed to provide a sign language interpreter for Mr. Phillips after Mr. Phillips, and his family, repeatedly requested one.

38. Defendant denied Mr. Phillips full use and enjoyment of the hospital and its services when it failed to provide an accessible communication device for Mr. Phillips, who is deaf, to contact the nurses' station to request care.

39. Providing auxiliary and services to Mr. Phillips, or other patients with hearing disabilities, would not cause undue burden on Defendant.

RELIEF REQUESTED

INJUNCTIVE RELIEF

40. Mr. Phillips will continue to experience unlawful discrimination as a result of Defendant's refusal to comply with Chapter 121. Injunctive relief is necessary so all individuals with disabilities can enjoy University Medical Center Brackenridge and its services equally as required by law, and to require Defendant to develop and follow a policy, procedure, or practice for accommodating patients who are hearing impaired, including Plaintiff.

DECLARATORY RELIEF

41. Mr. Phillips is entitled to declaratory judgment concerning Defendant's violations of the law, specifying the rights of individuals with disabilities to access the services available at University Medical Center Brackenridge.

DAMAGES

42. Mr. Phillips is entitled to compensatory relief for the physical pain and anguish he suffered as a result of Defendant's conduct. Under Chapter 121, Mr. Phillips is also entitled to a minimum of $100 per violation. There is no statutory maximum to this penalty. TEX. HUM. RES.

7



CODE ANN. § 121.004 (Vernon 2009).

## ATTORNEYS' FEES AND COSTS

43.   Mr. Phillips is entitled to reasonable attorneys' fees, court costs, and expenses pursuant to the Texas Declaratory Judgment Act.

## REQUEST FOR DISCLOSURE

44.   Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(f), (i), and (l).

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests that this Court award the following relief:

A.   A permanent injunction, requiring Defendant, its agents, servants, and employees, and all persons acting in concert with Defendant, to eliminate all barriers described herein that prevent plaintiff from having access to the goods, services, facilities, privileges, advantages and accommodations Defendant offers at University Medical Center Brackenridge; and enjoining Defendant from violating Chapter 121 and from discriminating against Plaintiff in violation of the law;

B.   A declaratory judgment that Defendant's failure to accommodate has prevented Plaintiff from fully accessing University Medical Center Brackenridge, in violation of Chapter 121;

C.   Award Plaintiff compensatory relief for the physical pain and anguish he suffered as a result of Defendant's conduct and a minimum of $100 per violation of Chapter 121;

D.   Find that Plaintiff is the prevailing party in this action, and order Defendant liable for Plaintiff's attorneys' fees, costs, and litigation expenses; and

E.   Grant such other and additional relief to which Plaintiff may be entitled.

Dated: July 26, 2010

Respectfully submitted,

/s/ Abigail Frank
Abigail Frank
State Bar No. 24069732

8

Joseph Berra
State Bar No. 24027144
James C. Harrington
State Bar No. 09048500
Wayne Krause
State Bar No. 24032644

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas 78741-3438
(512) 474-5073 (phone)
(512) 472-0726 (fax)

ATTORNEYS FOR PLAINTIFF

9



C I T A T I O N

T H E   S T A T E   O F   T E X A S

## CAUSE NO. D-1-GN-10-002587

TEDDY PHILLIPS

, Plaintiff

vs.

SETON HEALTHCARE INC.

AUG 0 4 2010

, Defendant

TO:  SETON HEALTHCARE INC.
BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
D/B/A CSC LAWYERS INCORPORATING SERVICE COMPANY
211 E. 7TH STREET, STE. 620
AUSTIN, TEXAS 78701

DAY OF
BRUCE ELFANT
CONSTABLE, PREC.5, TRAVIS COUNTY, TEXAS

Defendant, in the above styled and numbered cause:      BY _____ DEPUTY

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>ORIGINAL PETITION</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>JULY 26, 2010</u> in the <u>98TH JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>August 03, 2010</u>.

REQUESTED BY:
ABIGAIL HILL FRANK
1405 MONTOPOLIS DR.
AUSTIN, TX 78741-5073
BUSINESS PHONE:(512)474-5073 ext 104

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

-- - -- -- - -- - -- - -- - **R E T U R N** -- -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named _____, each    in person, a true copy of this citation together with the <u>PLAINTIFF'S REQUEST FOR DISCLOSURE</u> AND THE <u>TRAVIS COUNTY E-FILE MANDATE NOTICE</u> accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Bruce Elfant
Constable Pct.5, Travis County, Texas

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By:_____

_____ day of _____, _____.

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-10-002587                              CONSTABLE (PAUPER'S OATH)                              P01 - 02076

☐ Original          ☐ Service Copy

Cause No.: D1GN10002587           {}           In the 98TH District Court
                                  {}           TRAVIS County
Plaintiff:                        {}
TEDDY PHILLIPS

Defendant:
SETON HEALTHCARE INC

### Officer's Return

Came to hand August 03, 2010 at 9:03 A.M. and executed in Travis County,
Texas, on August 04, 2010 at 8:00 A.M. by delivering to SETON
HEALTHCARE INC by delivering to its registered agent, Corporation Service
Company d/b/a CSC Lawyers Incorporating Service Company, at 211 E. 7th
Street, Suite 620, Austin, Texas 78701, by delivering to KELLY COURTNEY,
designated agent for service, a true copy of the citation together with an
accompanying copy of the plaintiff's ORIGINAL petition WITH PLAINTIFF'S
REQUEST FOR DISCLOSURE AND THE TRAVIS COUNTY E-FILE MANDATE
NOTICE.

FEE: $ 70 Paid

Bruce Elfant,
Travis County Constable/Precinct 5
Travis County, Texas

by:_____
Miracle Mount, Deputy

I, AMALIA RODRIGUEZ-MENDOZA, District Clerk,
Travis County, Texas, do hereby certify that this is
a true and correct copy as same appears of
record in my office. Witness my hand and seal of
office on_____

AMALIA RODRIGUEZ-MENDOZA
DISTRICT CLERK
By Deputy: